Kaytrena J. FRANCIS, Plaintiff–Appellant,

v.

UNITED STATES of America;  et al., Defendants–Appellees.

No. 08–17277.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 20, 2010.

Kaytrena J. Francis, San Francisco, CA, pro se.

Neill Tseng, Assistant U.S., U.S. Attorney's Office, San Francisco, CA, Mary McNamara, Swanson & McNamara, LLP, San Francisco, CA, for Defendants–Appellees.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Kaytrena J. Francis appeals pro se from the district court's judgment under Federal Rule of Civil Procedure 54(b) dismissing her action arising from an incident at Eglin Air Force Base and subsequent criminal proceedings against her.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Orff v. United States,* 358 F.3d 1137, 1142 (9th Cir.2004) (sovereign immunity); *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (personal jurisdiction); *Brown v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Cal. Dep't of Corr.,* 554 F.3d 747, 749 (9th Cir.2009) (absolute immunity); *Guerrero v. Gates,* 442 F.3d 697, 703 (9th Cir.2006) (failure to state a claim).

We affirm for the reasons stated in the district court's orders entered on September 16, 2008, and September 30, 2008.

To the extent Francis challenges the dismissal of the assault and battery claims, we lack jurisdiction to consider her contentions because the dismissal of those claims was beyond the scope of the Rule 54(b) judgment. *See Air–Sea Forwarders, Inc. v. Air Asia Co.,* 880 F.2d 176, 178–79 & n. 1, 190 n. 17 (9th Cir.1989) (explaining that, on appeal from a Rule 54(b) order, there is no jurisdiction over claims that are not within the scope of that order).

Francis's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.